UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIAH LOPEZ,<br><br>      Plaintiff,<br><br>-against-<br><br>THE HERITAGE OF PRIDE, INC.;<br>INTERPRIDE INC.; THE NEW YORK CITY<br>POLICE DEPARTMENT,<br><br>      Defendants. | 19-CV-6065 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated her constitutional rights. By order dated November 6, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Mariah Lopez drafted this complaint using the general complaint form provided by this Court. After checking the box on the form to indicate that she invokes the Court's federal question jurisdiction, she lists the following (in the section in which she is asked to indicate which of her federal constitutional or federal statutory rights have been violated): "1, 4th and 14th Amendments; The Clayton Act; The Sherman Act, the Americans with Disabilities Act." (ECF No. 2 at 2.)[1]

Although Plaintiff does not invoke the Court's diversity of citizenship jurisdiction, she indicates that she is a citizen of New York, she lists New York, New York, addresses for the New

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

York City Police Department and Heritage of Pride, Inc., (Heritage of Pride) and she indicates that Interpride, Inc., (Interpride) is incorporated under the laws of the State of Texas.

Plaintiff's complaint is not the model of clarity, but it appears that she contacted Heritage of Pride in 2018 to "partner or compete with them, for events and other corporate sponsorship/partnership opportunities." (*Id.* at 6.) Plaintiff, in her capacity as executive director of Strategic Trans Alliance for Radical Reform (STARR), wanted to work with Defendants to "call for reform with and compete for the ability to shape the events and marketing opportunities know[n] as 'NYC Pride,' 'World Pride,' or 'Stonewall 50th.'" It appears from copies of emails attached to the complaint that Plaintiff was in communication with Chris Frederick, the executive director of Heritage of Pride. It is unclear from Plaintiff's complaint what, if anything, resulted from her communications with Chris Frederick, but it appears that at some point the communications ended.

Plaintiff accuses Defendants of stalling "as a tactic, as a means of market suppression." (*Id.* at 8.) She asserts that "Defendants had more than a year to make certain changes; to take certain steps, to put plaintiff on a level playing field for competing w/ corporations and donors for partnerships. (*Id.*) The Prid[e] 'Industry' is worth Billions of dollars and is an engine for hundreds of millions of dollars worth of interstate commerce." (*Id.*)

Plaintiff brings this complaint seeking to enjoin: (1) Defendants from barring her from marching in the Pride march produced by Defendants; and (2) NYPD from issuing parade permits for 2020 until this case is over. She also seeks to have this Court order Defendants to make reasonable accommodations for Plaintiff and other disabled parade goers, including rest centers and designated "priority movement" lanes for persons with service dogs. She also seeks

to stop the parade "if Defendants are believed to have ignored the ADA, Sherman and Clayton Acts." (*Id.* at 10.)

## DISCUSSION

A.  **Claims Against Heritage of Pride and Interpride**

   1.  **Constitutional Claims**

Because Plaintiff asserts that Heritage of Pride and Interpride violated her constitutional rights, the Court construes these claims as arising under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted); *see also Tancredi v. Metro. Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action.").

The activity of a private entity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

Plaintiff's allegations are insufficient to plead that the actions of the Heritage of Pride and Interpride are attributable to the government. Because Plaintiff does not allege that their actions are attributable to the state, Plaintiff does not state a § 1983 claim against them, and they are dismissed.

> 2. **Claims under the Sherman Act, 15 U.S.C. § 2, and the Clayton Act, 15 U.S.C. § 15**

Plaintiff cannot sue directly under the Sherman Act, 15 U.S.C. § 1, because "Section 1 of the Sherman Act does not itself provide a private right of action." *In re Publ'n Paper Antitrust Litig.,* 690 F.3d 51, 62 (2d Cir.2012). Instead, the right to sue "is established by section 4 of the Clayton Act, which authorizes private suits by 'any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws.'" *Id.* (quoting 15 U.S.C. § 15). Because Plaintiff is proceeding *pro se*, the Court will construe the complaint as invoking the private-right-of-action provisions of the Clayton Act. *See Greene v. Conn. Bd. of Accountancy,* No. 00-CV-599, 2001 WL 286855, at *2 (D. Conn. Mar. 20, 2001) (construing a *pro se* plaintiff's antitrust claims to have been brought pursuant to the Clayton Act).

The elements of a Clayton Act claim are: "(1) [a defendant's] possession of monopoly power in the relevant market; and (2) [its] willful acquisition or maintenance of that power, as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council*, 857 F.2d 55, 73 (2d Cir. 1988); *see also In re Aluminum Warehousing Antitrust Litig.*, No. 13-MD-2481 (KBF), 2015 WL 1378946, at *23 (S.D.N.Y. Mar. 26, 2015) (A violator of 15 U.S.C. § 2 can be held civilly liable under 15 U.S.C. § 15).

Plaintiff's assertions against the Heritage of Pride and Interpride do not give rise to an inference that they participated in any monopolistic activity, and thus she has failed to state a claim under the Clayton Act.

3. **Claims Under the ADA**

The ADA prohibits discrimination against the disabled in major areas of life. The statute consists of three parts: Title I, 42 U.S.C. § 12111−12117, which prohibits discrimination in employment; Title II, 42 U.S.C. § 12131−12165, which prohibits discrimination by public entities; and Title III, 42 U.S.C. § 12181−12189, which prohibits discrimination in access to public accommodations. *PGA Tour, Inc. v. Martin,* 532 U.S. 661, 675 (2001).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. To state a claim under this statute, a plaintiff must allege that:

> (1) [s]he is a qualified individual with a disability; (2) the defendant is subject to one of the Acts; and (3) [s]he was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant because of his disability. *Id.*

*McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) (quoting *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir.2004)). And "a defendant discriminates when it fails to make a reasonable accommodation that would permit a qualified disabled individual 'to have access to and take a meaningful part in public services.'"

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

6

advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). The statute further states that

> [i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation *that is not equal to that afforded to other individuals*.

42 U.S.C. § 12182(b)(1)(A)(ii) (emphasis added); *see also Camarillo v. Carrols Corp.,* 518 F.3d 153, 156 (2d Cir. 2008).

Even based on a liberal reading of Plaintiff's allegations, the complaint does not state a claim under the ADA. Although Plaintiff identifies herself as an individual with a disability, she does not state the nature of her disability and she does not allege facts suggesting that the Heritage of Pride and Interpride discriminated against her, or retaliated against her, because of her disability. Plaintiff's claims under the ADA are therefore dismissed for failure to state a claim.

**B.      The New York City Police Department**

Plaintiff seeks to enjoin the New York City Police Department from issuing parade permits. Her claims against this Defendant must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Additionally, although the New York City Police Department is named in the caption of the complaint, the complaint is bereft of a single allegation against this agency. Allegations in a

7

complaint must be complete enough to enable a reader to understand how each defendant was personally involved in the wrongdoing plaintiff is alleging. *See Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 246 (S.D.N.Y. 2013). Where a plaintiff names a defendant in the caption, but the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that defendant is appropriate. *See Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396 F.3d 525 (2d Cir. 2005); *Dove v. Fordham Univ.,* 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.") (citations omitted).

The complaint contains no allegations of wrongdoing against the New York City Police Department. As to this Defendant, Plaintiff fails to state a federal claim on which relief may be granted, and the Court declines to construe the complaint as asserting claims against the City of New York.

**C.     Claims Under State Law**

Because Plaintiff is proceeding *pro se*, the Court will consider whether the complaint could give rise to any claims falling within its diversity jurisdiction. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must assert a state law claim, and allege both that he and the defendant are citizens of different states, and that to a "reasonable probability," the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Although Plaintiff does not explicitly assert any claims under state law, it is clear that this Court would not have diversity jurisdiction over any such claims. Plaintiff resides in New York,

8

and Defendant Heritage of Pride is located in New York, thereby precluding complete diversity. Plaintiff also fails to allege facts showing that, to a "reasonable probability," her claim is in excess of the sum or value of $75,000.00. *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (citation omitted).

There is in this Circuit "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). But where a complaint does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order)); *Adams v. Netflix HQ*, No. 17-CV-1468, 2017 WL 6618682, at *2 (D. Conn. Sept. 18, 2017) ("The complaint . . . 'must allege facts in a non-conclusory manner that plausibly establish grounds for relief.'" (quoting *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016)).

Here, Plaintiff alleges that the pride industry is "worth Billions of dollars and is an engine for hundreds of millions of dollars worth of interstate commerce" but she does not provide in the complaint any facts suggesting that the amount in controversy in this action exceeds $75,000.00. It is therefore clear that the Court does not have diversity of citizenship jurisdiction over any claims under state law that Plaintiff may be seeking to assert.

## CONCLUSION

Plaintiff has consented to electronic service. The Clerk of Court is directed to note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's request for injunctive relief is denied as moot.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 3, 2019
           New York, New York

                                                  COLLEEN McMAHON
                                         Chief United States District Judge